UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CR-00155-H

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | |
| ALPHONSO NORTH | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**

The United States indicted Defendant, Alphonso North, on one count of possession of a firearm not registered to Defendant and one count of possession of a firearm by a convicted felon. Defendant moves to dismiss his indictment due to alleged violations of the Interstate Agreement on Detainers Act, 18 U.S.C. App. II ("IAD").[1] Following Supreme Court and Sixth Circuit precedent, the Court will deny the motion.

I.

Defendant was incarcerated at an Ohio state correctional institution when the United States notified him that it lodged a detainer against him for knowingly possessing a firearm that was not registered to Defendant, in violation of 26 U.S.C. §§ 5861(d) and 5871, and knowingly possessing a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 27, 2012, Defendant mailed a form to the Ohio Bureau of Sentence Computation that requested

---

[1] Defendant sent a letter *pro se* to the Court moving to dismiss his indictment. The Court filed the letter, ECF No. 21, and then received a formal motion to dismiss from Defendant's counsel over the same issue four days later. ECF No. 22. The United States argues that the Court cannot consider the *pro se* filing of a Defendant represented by counsel. While this may be true, the contents of the letter and the motion are similar enough that the Court addresses both in this Order.

1

disposition of the case pursuant to the IAD. The IAD provides a process whereby an incarcerated individual can dispose of pending charges while still incarcerated. The statute states,

> [W]henever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment . . . on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment . . . .

18 U.S.C. App. II, § 2, Art. III(a).

In response to Defendant's letter to the Bureau of Sentence Computation, the Ohio Bureau of Records Management, Detainer Section, informed Defendant that while the Bureau of Alcohol, Tobacco, Firearms and Explosives had filed the detainer, the agency failed to provide the forms for Defendant to file notice of speedy trial or the commencement of the IAD process. Defendant served out his Ohio state sentence on December 21, 2012, and upon release, the federal government immediately took him into custody. On February 28, 2013, the Court received a letter from Defendant claiming that the United States violated his rights to a speedy trial under the IAD and seeking a motion to dismiss on those grounds. According to the United States, this was the first indication of Defendant's request for disposition of the charges the Court and the prosecution received. The Court scheduled Defendant's trial for March 20, 2013.[2]

II.

The critical question for this motion is precisely when the 180-day clock begins to run pursuant to the IAD. Defendant argues that the request for disposition of the case that he forwarded

---

[2] Later, Defendant moved to continue his trial, which the Court granted contingent upon excluding the period of delay from the continuance from speedy trial calculations. ECF No. 19. The trial is now set for May 22, 2013.

to the proper authorities in Ohio was sufficient to commence the 180-day speedy trial deadline. However, Supreme Court precedent dictates otherwise. In *Fex v. Michigan*, 507 U.S. 43 (1993), the custodial state delayed sending the prisoner's request for disposition for 19 days, such that the prisoner's trial began 196 days after the prisoner sent the request to his custodial state and 177 days after the recipient state received the request. The Court found that the IAD 180-day clock begins to run upon actual receipt of the request. *Id.* at 52 (holding that "the 180-day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him *has actually been delivered* to the court and prosecuting officer of the jurisdiction that lodged the detainer against him")(emphasis added). Similarly, in *United States v. Aldridge*, 85 F.3d 629 (6th Cir. 1996), the Sixth Circuit held that the 180-day speedy trial deadline requires actual receipt by the Court and the prosecutor's office, even when other federal officials were aware of the request. Accordingly, because the relevant prosecuting officer and this Court did not receive notice of Defendant's attempt to assert his rights to a speedy trial until February of 2013, the United States does not violate Defendant's rights under the IAD by trying setting a trial date in March of 2013.

      Defendant argues that *Fex* is inapplicable to the present situation, because here, the authorities intentionally violated the provisions of the IAD when they failed to forward the information to the receiving jurisdiction. However, the Sixth Circuit reads *Fex* and the IAD quite literally to require actual delivery to the Court and the prosecutor's office under most circumstances. *See U.S. v. White*, 185 F. App'x 504, 508 (6th Cir. 2006)(recognizing the possibility of government violations of the IAD where the prisoner substantially complied with his or her requirements under the IAD). While the Supreme Court decision in *Fex* contemplated a situation wherein its decision could lead to an unfair result at the hands of a careless or malicious warden, it held that reading the

3

statute as Defendant suggests would propagate much more significant damages upon the justice system. *Fex*, 507 U.S. at 50-51. Defendant seems to assert that some malfeasance on behalf of the state of Ohio prevented the forwarding of his request for disposition, but the Supreme Court and the Sixth Circuit seem to find such an excuse largely inapposite. Therefore, the Court will not grant Defendant's motion to dismiss, even if Defendant is correct in assuming that the state of Ohio acted imprudently.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Alphonso North's Motion to Dismiss is DENIED.

cc:   Counsel of Record